UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CARL R. SCHMEICHEL,<br>　　　　　　Plaintiff, | |
| vs. | PLAINTIFF'S<br>OBJECTIONS<br>TO DEFENDANTS' BILL<br>OF COSTS |
| | 16-cv-00410(FPG)(HKS) |
| INSTALLED BUILDING PRODUCTS, LLC,<br>and MIG BUILDING SYSTEMS,<br>　　　　　　Defendants. | |

---

# INTRODUCTION

On December 26, 2018, Defendants filed a Bill of Costs with the Clerk of the Court seeking reimbursement of $2,818.70 for costs incurred in the pursuit of the above-captioned litigation. As is set forth in detail *below*, Plaintiff objects to $1,108.50 of the requested costs, and requests the Court to reduce the taxation against him to $1710.20.

# DISCUSSION

Defendants seek reimbursement for their costs expended in the following categories:

| | |
|---|---|
| Photocopies of documents submitted to Chambers (492 pages @ $0.18/page)[1] | $88.56 |
| Postage for mailing documents to Chambers[2] | $52.98 |
| Photocopies of Plaintiff's medical records per invoice | $171.00 |
| Photocopies of discovery documents (4812 pages @ $0.18/page)[3] | $866.16 |

---

[1]. Defendants did not submit an invoice for this expense.
[2]. Defendants did not submit an invoice for this expense.

[3]. Defendants did not submit an invoice for this expense.

1

| | |
|---|---:|
| Cost of subpoenaing Plaintiff's medical records per invoice | $740.00 |
| Court reporter fees for Plaintiff's deposition transcript per invoice | $600.00 |
| *Pro hac vice* admission fees for two attorneys per invoice | $300.00 |
| **Total** | **$2,818.70** |

Plaintiff respectfully submits that some of the costs are not recoverable, and that other costs were not necessarily incurred in defending the claims in the litigation.

A. **Defendants' Postage is Not Recoverable**

It is well-established that, costs for postage unrelated to service of process are not recoverable in a bill of costs. *Laughlin-Denecke v. ITT Educ. Servs.*, No. 07-CV-745A, 2011 LEXIS 49235, at *2 (WDNY May 9, 2011) (citations omitted). Moreover, Plaintiff notes that Defendants have not submitted any invoice or receipt supporting their claim for postage costs. Accordingly Plaintiff requests that the Court deny Defendants' request for $52.98.

B. **Defendants' Photocopying Costs are Excessive**

Defendants have requested reimbursement for photocopying of documents. Plaintiff does not dispute that Defendants are entitled to recover copying costs for copies that were "necessarily obtained for use in the case." 28 USC §§ 1920(3) and (4). However, Plaintiff asserts that certain of the photocopies for which Defendants seek reimbursement were not necessary for use in the case, and further asserts that Defendant is requesting an excessive rate for reimbursement.

1) **Defendants' cost per page is excessive**

Defendants seek reimbursement for copies at the rate of eighteen cents per page for a total of 5,304 pages. This Court has the authority to inquire into the amounts Defendants seek to

recoup for allowable disbursements. *EEOC v. Allied Sys., Inc.*, 1-97-CV-1396, 1999 LEXIS 8878, at *4 (NDNY June 9, 1999); *Castro v. City of N.Y.*, No. 10-cv-4898 (NG)(VVP), 2014 LEXIS 131052, at *11 (EDNY Sep. 15, 2014).

Submitted herewith, as Exhibit A is a copy of a bill from a commercial copy facility from which the undersigned purchased photocopies for use in a different case pending before this Court in August 2018. That commercial vendor charged ten cents per page for black and white copies. Defendants do not explain why their copying costs are nearly double the retail price charged to Plaintiffs' counsel, nor have they submitted any proof of the per-page rate in support of this request.

Plaintiff does not dispute that the 492 pages submitted to Chambers were necessary for use in the case, subject to his assertion that the per-page copying fee is excessive. At ten cents per page, the cost of obtaining those copies is $49.20, rather than $88.56. Plaintiff respectfully requests that the Court allow reimbursement for photocopying at the rate of ten cents for page for these copies.

**2) Defendants may not recover for 4,812 pages of copies.**

Defendants also seek reimbursement for 4812 pages of documents produced and received by Defendants during discovery. However, all of the documents produced in discovery in this matter were produced electronically by mutual agreement. Exhibit B. Defendants have not provided any explanation as to the reason that they printed the 4812 copies of electronic documents exchanged during discovery. Plaintiff asserts that there was no need to print the 4812 pages of discovery documents, and respectfully requests this Court to deny the request for $866.16 in its entirety.

### C. There was No Need for Two Attorneys to be Admitted *Pro Hac Vice*

Although attorney admission fees are not included in the costs outlined in 18 USC 1920, Plaintiff agrees that the Local Rules of Practice necessitate that an attorney of record be admitted to practice in the Western District of New York, either via full admission or *pro hac vice*. L. R. Civ P. 83.2. However, Plaintiff asserts that he should not be taxed for the *pro hac vice* appearance of Rina Russo Esq. Ms. Russo applied for admission *pro hac vice* on August 23, 2016. (Item No. 11). Eric Baisden moved for *pro hac vice* admission the same day (Item 12), and has signed every substantive document submitted by Defendants thereafter. Ms. Russo withdrew from the case on September 11, 2017. Item No. 25. Between August 2016 and September 2017, Ms. Russo never appeared in this action in person, and the only document that was filed bearing her name was an affidavit of service for Defendants' Answer to the Amended Complaint (Item 22). Plaintiff respectfully submits that Ms. Russo's *pro hac vice* admission was not necessarily incurred in defending this action, and requests that the Court deny Defendants request for reimbursement of the expense of her admission.

## CONCLUSION

For the reasons set forth *above*, Plaintiff respectfully requests that the Court reduce Defendants' request for reimbursement, and allow costs as follows:

| | |
|---|---|
| Photocopies of documents submitted to Chambers (492 pages @ $0.10/page) | $49.20 |
| Postage for mailing documents to Chambers | 0 |
| Photocopies of Plaintiff's medical records per invoice | $171.00 |
| Photocopies of discovery documents (4812 pages) | 0 |
| Cost of subpoenaing Plaintiff's medical records | $740.00 |

Court reporter fees for Plaintiff's deposition transcript $600.00

*Pro hac vice* admission fees for one attorney $150.00

**Total** **$1,710.20**

Respectfully submitted,

Dated: January 11, 2018

/s/ Anna Marie Richmond
ANNA MARIE RICHMOND
Attorney for Plaintiff
2500 Rand Building
14 Lafayette Square
Buffalo, NY  14203-1295
716-854-1100
annamarierichmondesq@gmail.com