UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARL R. SCHMEICHEL,

          Plaintiff,

                  Case # 16-CV-410-FPG

v.

                  DECISION AND ORDER

INSTALLED BUILDING PRODUCTS, LLC, et al.,

          Defendants.

   On November 27, 2018, the Clerk of Court entered judgment against Plaintiff in this employment-discrimination action. Presently before the Court is Defendants' motion for a bill of costs. ECF No. 52. Plaintiff opposes the motion in part. ECF No. 54. For the reasons discussed herein, Defendants' motion is GRANTED IN PART and DENIED IN PART.

   Defendants request $2,818.70 in costs. ECF No. 52 at 1. Plaintiff only challenges the following: (1) the cost of postage for documents sent to this Court ($52.98); (2) photocopies of documents produced in discovery ($866.16); (3) the rate at which defense counsel billed for "in-house" photocopying (18¢ per page); and (4) the *pro hac vice* admission fees for Attorney Rina Russo ($150). In total, Plaintiff objects to $1,108.50 of the requested costs. ECF No. 54 at 1.

   "The Court is authorized to award costs pursuant to Federal Rule of Civil Procedure 54(d), which provides that '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *McGowan v. Schuck*, No. 12-CV-6557, 2018 WL 6011166, at *1 (W.D.N.Y. Nov. 16, 2018) (quoting Fed. R. Civ. P. 54(d)(1)). Taxable costs are "enumerated in 28 U.S.C. § 1920." *Byrne v. Telesector Res. Grp., Inc.*, No. 04-CV-765, 2010 WL 4340824, at *1 (W.D.N.Y. Nov. 2, 2010); *see also Gen. Elec. Capital Corp. v. Bestway Tour & Travel, Inc.*, No. 09 Civ. 442, 2010 WL 3185554, at *19

1

(S.D.N.Y. Aug. 6, 2010) ("A district court does not have discretion . . . to tax as costs expenses incurred beyond those specified as taxable . . . in 28 U.S.C. § 1920."). "If costs are authorized, the determination of amounts is vested in the sound discretion of the district court." *Bestway*, 2010 WL 3185554, at *19 (internal quotation marks omitted).

Defendants may not recover for postage used in connection with mailing courtesy copies to the Court. Postage expenses are not recoverable under the Federal Rules or § 1920. *See, e.g.*, *id.* at *20; *Byrne*, 2010 WL 4340824, at *2.

Defendants may not recover for photocopies of documents produced in discovery. Plaintiff argues, and Defendants do not dispute, that all documents produced in discovery were "produced electronically by mutual agreement." ECF No. 54 at 3. In response, Defendants do not explain why photocopies of said documents were "necessary for use in this case." ECF No. 55 at 1. Absent further explanation, the Court declines to permit such costs. *See Doc. Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528, 2015 WL 1189551, at *5 (W.D.N.Y. Mar. 16, 2015) (collecting cases for proposition that "the costs of copies that are made merely for a party's convenience are not taxable").

The Court agrees that the rate at which Defendants billed for "in-house" photocopying is excessive. 10 cents per page, rather than 18 cents, "appears to be the going rate for in-house copying." *Wise v. Kelly*, 620 F. Supp. 2d 435, 457 (S.D.N.Y. 2008); *see also Cabrera v. Schafer*, No. 12-6323, 2017 WL 9512409, at *16 (E.D.N.Y. Feb. 17, 2017) (collecting cases). The Court will therefore reduce the taxable costs of allowable photocopies from $88.56 to $49.20.

Finally, Defendants are not entitled to *pro hac vice* admission fees. The Court's "Guidelines for Bills of Costs" treat such fees as non-taxable.[1] *See Coupons.com*, 2015 WL

---

[1] See page 13 of the Court's "Guidelines for Bills of Costs." The Guidelines are available on the Court's website: https://www.nywd.uscourts.gov/attorney-information.

1189551, at *2.  Thus, Defendants may not recover the *pro hac vice* admission fees, which total $300.  *Accord LaBombard v. Winterbottom*, No. 14-CV-71, 2015 WL 9450838, at *2 (N.D.N.Y. Dec. 23, 2015).

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Bill of Costs (ECF No. 52) is GRANTED IN PART and DENIED IN PART.  Defendants are entitled to recover $1560.20 in costs.  The Clerk of Court is directed to tax costs against Plaintiff accordingly.

IT IS SO ORDERED.

Dated: April 12, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court